File Name: 06a0204n.06
Filed: March 28, 2006

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 04-1555

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

CONNELL HOWARD,

      Petitioner-Appellant,

v.

BARRY MCLEMORE, Warden,

      Respondent-Appellee.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

_____/

Before:      MARTIN, NELSON, and COLE, Circuit Judges.

      BOYCE F. MARTIN, JR., Circuit Judge. Connell Howard, having been convicted of two counts of first-degree murder and one count of possession of a firearm during the commission of a felony, appeals the district court's denial of his petition for a writ of habeas corpus. Howard brings two issues before this Court: 1) whether the prosecution used its peremptory challenges in a discriminatory manner to strike jurors based on race; and 2) whether Howard was provided a meaningful opportunity to present his defense of diminished capacity. For the reasons discussed below, we AFFIRM the district court's decision denying habeas relief.

I.

      This case stems from the November 12, 1992, shooting deaths of David and Terry Lamb, a husband and wife real estate team who were fatally shot while inside [Howard]'s mother's house. [Howard] admitted shooting the Lambs but claimed self-defense and diminished capacity. According to the defense theory, [Howard]

> shot the Lambs after they became threatening and abusive while confronting [Howard] about some delinquent house payments. On the basis of [Howard]'s description of the events, a defense expert concluded that [Howard] experienced "brief reactive psychosis" as a result of emotional stress and trauma caused by the Lambs' conduct, thereby rendering him "diminished in capacity to formulate specific intent as it relates to this offense."

*People v. Howard*, 575 N.W.2d 16, 21 (Mich. Ct. App. 1997). Howard is black, while the two victims were both white.

Howard's first trial ended in a mistrial. The voir dire for Howard's second trial took place over six days and included three panels, totaling ninety-two potential jurors. Of those ninety-two, eleven were black. Of those eleven, five were excused for cause, four were struck by the prosecutor, one served on the jury, and one was still in the jury pool when the jury selection was completed. Howard objected to the prosecutor's use of peremptory challenges on the basis that they were racially motivated. The trial court overruled the objection.

During Howard's trial, an expert witness testified for the defense in support of Howard's diminished capacity defense. However, the trial court did not allow the expert to testify as to the fact that the expert's interview with Howard was conducted at the psychiatric unit of the jail. The trial court held that this information was not relevant. Howard was convicted by the jury on all counts.

Howard appealed his conviction to the Michigan Court of Appeals, which affirmed. The Michigan Supreme Court denied discretionary review. Howard then filed in federal district court a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 on four grounds. On November 20, 2004, the magistrate issued a report recommending that the petition be denied. Howard objected

to the report and on March 25, the district court adopted the report and recommendation dismissing the habeas action.

Howard filed a timely appeal to this Court and we granted a certificate of appealability on all four issues. In his brief, Howard abandoned two of the issues, narrowing his appeal to the following two claims: 1) the prosecutor exercised peremptory challenges in a discriminatory manner and 2) improperly excluded expert testimony regarding his diminished mental capacity.

II.

Howard's petition for a writ of habeas corpus was filed under 28 U.S.C. § 2254 and this Court must therefore apply the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996. 28 U.S.C. § 2254(d). Pursuant to that section, a writ of habeas corpus may not be granted unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). Nevertheless, an explicit statement by the Supreme Court is unnecessary; rather, "the legal principles and standards flowing from [Supreme Court] precedent" also qualify as "clearly established law." *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005) (quoting *Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir.2002)). We review the district court's decision to deny the writ *de novo*. *Lakin v. Stine*, 431 F.3d 959, 962 (6th Cir. 2005).

*A. Peremptory Challenges*

Howard cites several instances of alleged discrimination in support of his claim. Upon review of the record and the voir dire transcript, there appears to be some cause for concern.

However, we cannot conclude that the state court's factual findings were clearly erroneous or that the Michigan courts unreasonably applied clearly established law. Therefore, we affirm the district court's decision denying habeas relief based on discrimination in the jury selection process.

### B. Presentation of the Diminished Capacity Defense

Howard raises the argument that the trial court erred in ruling that his expert witness could not testify to the fact that Howard was interviewed while in a psychiatric unit. This appeal could be raised under the Sixth Amendment, based on the right to a fair opportunity to present a defense or under the Fourteenth Amendment as a general due process violation.

Under the Sixth Amendment, every criminal defendant has a fundamental constitutional right to a fair opportunity to present a defense. *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (citing *California v. Trombetta*, 467 U.S. 479, 485 (1984)). However, that right does not entitle the defendant to a perfect presentation of the defense. In *Crane*, the prosecution's case rested entirely on Crane's confession, but Crane, who was sixteen years old at the time of the confession, was not allowed to present "*any* evidence about the duration of the interrogation or the individuals who were in attendance" in support of their defense that the confession was coerced. *Id.* at 686 (emphasis added). The Supreme Court held that "introducing evidence of the physical circumstances that yielded the confession was all but indispensable to any chance of its succeeding" and, therefore, denial of the admission of that evidence denied Crane the right to present a successful defense that the confession was coerced. *Id.* at 691. In contrast, the evidence in this case is a small portion of Howard's diminished capacity defense. Howard was allowed to have his expert testify as to his mental state and could have presented any other permissible method of evidence to prove his

defense. The only ruling the trial court made on the issue was denying the expert to testify as to where the interview took place because that piece was not relevant. No court has chosen to extend the rationale behind *Crane*'s denial of all evidence of a defense to the situation where only a small section of that defense was denied, and we decline to do so in this case. Because the trial court did not prevent Howard from having a meaningful opportunity to present his defense of diminished capacity, we affirm the district court's decision with respect to Howard's Sixth Amendment challenge.

Howard's second method to appeal this ruling is through a due process challenge under the Fourteenth Amendment. Such an appeal would require this Court to grant habeas corpus relief based on a state evidentiary ruling, which occurs exceedingly rarely. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *Jordan v. Hurley*, 397 F.3d 360, 362 (6th Cir. 2005). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 68 (citing 28 U.S.C. § 2241). Therefore, the only way habeas could be granted would be if we found the state evidentiary ruling to be so egregious that it "by itself so infected the entire trial that the resulting conviction violates due process." *Id.* at 72 (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973); *Maldonado v. Wilson*, 416 F.3d 470, 476 ("The Due Process Clause provides a remedy when the admission of unduly prejudicial evidence renders a trial fundamentally unfair . . .[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") Given this standard, Howard is not entitled to relief on due process grounds. The evidence at issue in this appeal is relatively minor in comparison to the scope of the entire trial. Howard's location

when he was interviewed by his expert witness does not hold the weight of an entire trial's fairness on its shoulders.  In fact, a very good argument could be made in favor of the trial court's ruling, which was that this evidence was not even relevant to the success or failure of Howard's diminished capacity defense.  Because the denial of evidence in this case did not rise to the level of making the trial fundamentally unfair, Howard's appeal for habeas relief on this ground should be denied.

III.

For the above reasons, this Court AFFIRMS the district court's denial of Howard's writ of habeas corpus on both issues.